**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HOME DEPOT U.S.A., INC., | ) | |
| | ) | |
| Plaintiff, | ) | **No. 06 C 3821** |
| | ) | |
| v. | ) | **Judge Andersen** |
| | ) | |
| UBM, INC., | ) | **Magistrate Judge Nolan** |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF MOTION TO STRIKE HOME DEPOT U.S.A.'S
AFFIRMATIVE DEFENSES**

Defendant, UBM, Inc, ("Defendant"), by and through its attorneys, Kevin P. Brown, Esq., Amy E. Collins Esq. and Rieck and Crotty, P.C., as and for its Reply in Support of its Motion to Strike Home Depot U.S.A.'s Affirmative Defenses pursuant to Federal Rule Civil Procedure 12(f), states as follows:

**INTRODUCTION**

In its Response, Home Depot U.S.A ("Home Depot") asserts that it has properly pled the Affirmative Defenses of Unclean Hands, Estoppel, and Failure to Mitigate Damages. Contrary to the arguments of Home Depot, the arguments set forth in Defendant's Motion and this Reply establish Home Depot has not properly pled such Affirmative Defenses. Accordingly, the Affirmative Defenses must be stricken.

**ARGUMENT**

**I.  Standard Of Review.**

A court may strike from any pleading any insufficient defense. Fed R. Civ. P. 12(f). A motion to strike serves a useful purpose by eliminating insufficient defenses and saving the time and expense of litigating issues that will not affect the outcome of the case. *All EMS, Inc. v.*

*Southland Corp.*, 1997 WL 392330 * 2 (N.D. Ill. 1997). A three part test is used for examining whether an affirmative defense is subject to a motion to strike: (1) first, the court must determine whether a matter is appropriately pleaded as an affirmative defense; (2) if a matter may remain as an affirmative defense, the court looks to whether it was adequately pled pursuant to the Federal Rules 8 and 9; and (3) if the affirmative defense is properly pled pursuant to such rules, the court applies the standards of Rule 12(b)(6). Under such an analysis, if no set of facts can be proven in support of the affirmative defense, it will be stricken. *Tome Engenharia Transpoprtes, Ltd., v. Malki*, 1996 WL 172286 * 9-10 (1996). Defendant's Motion to Strike should be granted because Home Depot has failed to adequately plead its affirmative defenses under Federal Rules 8 and 9.

II. **The Defense Of Unclean Hands Is Not Applicable As Defendant's Counterclaim Seeks Monetary Damages And Not Equitable Relief.**

Unclean hands is an equitable remedy and is not applicable to claims for monetary relief. *Lopez v. Autoserve, LLC*, 2005 WL 3116053 *1 (N.D. Ill. 2005). Defendant's Counterclaim alleges a cause of action against Home Depot for breach of contract and only requests monetary damages. Defendant is not seeking equitable relief as part of its breach of contract claim because it has an adequate remedy at law. Consequently, Plaintiff's affirmative defense is improper and Defendant's Motion to Strike Home Depot's Second Affirmative Defense should be granted.

Assuming, *arguendo*, Defendant was seeking equitable relief as part of its Counterclaim, Home Depot has still failed to adequately plead the affirmative defense of unclean hands. As Defendant noted in its Motion to Strike, an alleged breach of contract is not tortious or wrongful. *Album Graphics, Inc. v. Beatrice Foods Co.*, 87 Ill. App. 3d 338, 350 (1980). Thus, fault, a necessary element to establish the defense of unclean hands, is irrelevant to breach of contract.

*Album Graphics, Inc.*, 87 Ill. App. 3d at 350. Accordingly, Home Depot's Second Affirmative Defense must be stricken.

In its Response, Home Depot asserts that it has adequately alleged the defense of unclean hands in Paragraphs 2 and 5 of its Second Affirmative Defense. However, these allegations, even when considered in a light most favorable to Plaintiff, amount to nothing more than allegations that Defendant failed to perform its contract with Home Depot. Plaintiff fails to allege any facts that establish Defendant's alleged breach of contract amounted to misconduct, fraud or bad faith. Due to Plaintiff's failure to plead such allegations and because Defendant's breach of contract is not considered wrongful under the law, Home Depot's affirmative defense of unclean hands cannot stand. *See Album Graphics, Inc. v. Beatrice Foods Co.*, 87 Ill. App. 3d 338, 350 (1980).

Home Depot also alleges in its Second Affirmative Defense that Defendant failed to act in good faith in mediating Home Depot's claims for breach of contract. (Aff. Defs., ¶¶ 2, 5). However, such an allegation, without more, is insufficient to withstand a Motion to Strike. Home Depot fails to allege any facts which would put Defendant on notice regarding how it allegedly failed to act in good faith while mediating the present dispute and has failed to meet the pleading requirements of the Federal Rules of Civil Procedure. In fact, Home Depot's claim of bad faith appears to be based on nothing more than Defendant's refusal to make a settlement offer to Home Depot during the mediation process. However, Defendant's refusal to make a settlement offer was based on its belief that Home Depot had breached its contract with Defendant, and owed Defendant money. Such conduct does not amount to bad faith.

Finally, Plaintiff relies on *Huthwiate, Inc. V. Randstad Gen. Partner, LLC.*, No. 06 C 1548, slip op., in support of its argument that it has properly pled the defense of unclean hands.

However, *Huthwaite*, is distinguishable from the present case because it did not involve a simple claim for breach of contract but involved claims for copyright infringement. Thus, the Plaintiff in *Huthwaite* was likely seeking equitable relief, such as an injunction, to prevent the further misuse of its copy righted material. Moreover, the affirmative defense of unclean hands in *Huthwaite* included allegations that the Plaintiff acted in bad faith in obtaining the Defendant's confidential information through unfair means. Conversely Home Depot has not pled any facts which would establish Defendant acted in bad faith in its dealings with Home Depot. The Motion to Strike Home Depot's Second Affirmative Defense should be granted.

**III.    Home Depot Has Not Plead Facts Establishing Home Depot Reasonably Relied Upon An Act Of The Defendant And Changed Its Position To Its Detriment.**

Home Depot argues that it has adequately pled its Third Affirmative Defense because "the facts alleged in Home Depot's Complaint, along with Home Depot's Answer and Affirmative Defenses are sufficient to put Defendant on notice of the nature of Home Depot's estoppel defense." (See Home Depot's Response, Pg. 4). However, an affirmative defense must plead allegations supporting all material elements of the defense. *Shandwick Worldwide v. Reid,* 2005 WL 1651030 *5 (N.D. Ill. 2005). The argument that a pleading is sufficient when read in conjunction with other pleadings runs counter to basic pleading requirements. *Id*. (finding Defendant's affirmative defense was insufficient and it could not be read together with other pleadings.)

The defense of estoppel requires Home Depot plead: (1) a party has acted; (2) the opposing party reasonably relied on those acts; and (3) as a result of its reliance, the opposing party changed its position for the worse. *Codest Engineering v. Hyatt Int'l Corp.*, 954 F. Supp. 1224, 1230 (N.D. Ill., 1996). Contrary to the arguments in its Response, Home Depot's Affirmative Defense of Estoppel fails to allege these necessary elements. Home Depot failed to allege any

actions of Defendant which Home Depot relied on to its detriment.  Home Depot merely alleges that it was forced to take remedial action allowed by its contract with Defendant when Defendant allegedly breached the contract.  Such an allegation is insufficient to establish the defense of estoppel.  Moreover, assuming, *arguendo*, the allegations in Home Depot's Complaint and Answer can be read in conjunction with the Affirmative Defenses, the allegations contained therein do not establish Home Depot reasonably relied upon the acts of Defendant and changed its position to its detriment as a result of such reliance.  Consequently, Plaintiff's Third Affirmative Defense should be stricken.

**IV.    Home Depot Has Not Properly Pled Defendant's Failure To Mitigate Damages.**

In its Response to the Motion to Strike the Fourth Affirmative Defense, Home Depot claims that it is not required to plead detailed information in support of its defense of failure to mitigate.  Home Depot bases its argument on case law that holds that detailed information regarding a failure to mitigate is not required in the early stages of litigation.  *Yash Raj Films Inc. v. Atlantic Viceo*, 2004 WL 1200184 *4 (N.D. Ill. 2004).  However, Defendant's claim for breach of contract seeks money damages for Home Depots failure to pay Defendant and its subcontractors for work performed and accepted by Home Depot.  Defendant is not seeking lost profits and expenses for work it did not perform because it was replaced on the Project.  Other than mediating the dispute in good faith, which Defendant did, and filing its Counterclaim herein, there was no other course of action which Defendant could have taken to mitigate its damages.  Therefore, Home Depot cannot plead any set of facts which would establish the defense of failure to mitigate.  Home Depot's general allegation of failure to mitigate must fail, and its Fourth Affirmative Defense must be stricken.

WHEREFORE, Defendant, UBM, Inc., requests that Home Depots Affirmative Defenses be stricken.

>Respectfully submitted,

>UBM, Inc., Defendant

>By: /s/ Amy E. Collins
>     One of its Attorneys

Kevin P. Brown, Esq. ARCD: 06185181
Amy E. Collins, Esq. ARCD: 6288082
Rieck and Crotty, P.C.
Attorneys for Defendant
55 West Monroe Street-Suite 3390
Chicago, Illinois 60603
(312) 726-4646
X:\wp51\UBM\Home Depot\Pleadings\ReplyMtnStrike02.wpd