IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HOME DEPOT U.S.A., INC., )
)
        Plaintiff, )
) No. 06 C 3821
v. )
) Wayne R. Andersen
UBM, INC., ) District Judge
)
        Defendant, )



## MEMORANDUM OPINION AND ORDER

This case is before the court on Defendant UBM, Inc.'s ("UBM") motion to strike Plaintiff Home Depot U.S.A. Inc.'s ("Home Depot") affirmative defenses to Defendant's counterclaims pursuant to Fed.R.Civ.P. 12(f). For the following reasons, the defendant's motion to strike is granted in part and denied in part.

## BACKGROUND

Plaintiff Home Depot and Defendant UBM entered into a contract to build a new Home Depot store in Round Lake Beach, Illinois on June 11, 2004, pursuant to which UBM shortly thereafter began work. At some point after the work's commencement, Home Depot notified UBM, in writing, of alleged delays and deficiencies in UBM's work. Home Depot eventually hired a new contractor to perform the work and initiated mediation proceedings.

When the mediation was completed, Home Depot filed a complaint with this court alleging breach of contract. Home Depot charges that UBM's breach caused Home Depot to terminate the contract, answer lien claims against Home Depot, including recorded mechanic's

liens, defend foreclosure lawsuits, and incur attorneys fees for mediating against UBM.

UBM's answer asserted a counterclaim for breach of contract, claiming Home Depot failed to pay UBM in a timely manner, failed to properly approve change order additions under the contract, unreasonably demanded that UBM complete certain work, and improperly terminated the contract.

Home Depot's answer to UBM's counterclaim contained four affirmative defenses. In front of the court is UBM's motion to strike all four affirmative defenses, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

## DISCUSSION

Rule 8(c) requires that a party set forth any affirmative defense in a responsive pleading. FED.R.CIV.P. 8(c). Because affirmative defenses are pleadings, they are subject to all pleading requirements of the Federal Rules of Civil Procedure. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Under Rule 8(a), the pleadings must set forth a "short and plain statement" of the nature of the defense. FED.R.CIV.P. 8(a); see also *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982).

A motion to strike under Rule 12(f) is the appropriate means to challenge an insufficient or defective defense. *Van Scan v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill.1991). Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." FED.R.CIV.P. 12(f). Motions to strike defenses, however, are generally not favored and may be granted only if the defense is patently defective and could not succeed under any set of circumstances. *Carpenter v. Ford*

*Motor Co.*, 761 F. Supp. 62, 65 (N.D. Ill. 1991); see also *Heller Financial, Inc.*, 883 F.2d at 1294 (affirmative defenses will be stricken only when they are insufficient on the face of the pleadings) (citing *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975)). "Nonetheless, a motion to strike insufficient defenses serves a useful purpose by eliminating insufficient defenses and saving the time and expense that otherwise would be spent litigating issues that will not affect the outcome of the case." *United States v. Wheelwork Tool and Engineering Corp.*, 784 F. Supp. 1385, 1387-1388 (N.D. Ind. 1992). An affirmative defense will not be stricken if it is sufficient as a matter of law or if it presents questions of law or fact. *Heller Financial, Inc.*, 883 F.2d at 1294.

UBM argues that all four of Home Depot's affirmative defenses should be stricken: failure to state a claim, unclean hands, estoppel, and failure to mitigate damages. We examine each in turn.

Home Depot's first affirmative defense is failure to state a claim. UBM correctly states that the proper vehicle for a party to establish a failure to state a claim is a Rule 12(b)(6) motion rather than an affirmative defense. See *In re Olympia Brewing Co. Securities Litigation*, No. 77 C 1206, 1985 WL 3928, at *2 (N.D. Ill. Nov. 13, 1985). Because Home Depot does not dispute this assertion, UBM's motion to strike Home Depot's first affirmative defense is granted.

Home Depot's second affirmative defense is unclean hands. Unclean hands is an equitable defense that must be pled with the specific elements required to establish the defense. *Raj Films (USA) Inc., v. Atlantic Video*, No. 03 C 7069, 2004 U.S. Dist. LEXIS 9739, *9 (N.D. Ill. May 27, 2004). Home Depot must plead UBM acted in a way that amounts to fraud, misconduct or bad faith. *Global Poly, Inc. v. Fred's Inc.*, No. 03 C 4561, 2004 U.S. Dist. LEXIS

3880, *17 (N.D. Ill. Mar. 11, 2004). UBM argues that Home Depot's breach of contract claim does not amount to bad faith, and therefore the affirmative defense of unclean hands must be stricken. In its answer to UBM's counterclaim, however, Home Depot asserts that UBM acted in bad faith by performing inadequate and substandard work, refusing to pay certain subcontractors, and failing to act in good faith in mediation. This more than sufficiently sets forth a short and plain statement of the nature of the defense. Accordingly, UBM's motion to strike Home Depot's second affirmative defense is denied. Discovery will probably reveal whether Home Depot has evidence to support this defense.

Home Depot's third affirmative defense is estoppel. To properly assert an estoppel defense, three elements must be pleaded: (1) a party has acted; (2) another party reasonably relied on those acts; and (3) the latter party thereby changed its position for the worse. *Coded Engineering v. Hyatt Intel Corp.*, 954 F. Supp. 1224, 1231 (N.D. Ill. 1996). UBM asserts that Home Depot has not alleged any acts of UBM which Home Depot relied on to its detriment. Home Depot, however, claims that because Home Depot incurred unanticipated costs due to UBM's alleged breach of the contract upon which Home Depot had relied, it is entitled to assert an estoppel defense. We agree that Home Depot has sufficiently pleaded an affirmative defense of estoppel such that UBM's motion to strike Home Depot's third affirmative defense should be denied.

Home Depot's fourth affirmative defense is failure to mitigate damages. UBM argues that this affirmative defense should be stricken because Home Depot failed to allege any facts in support of its assertion. We disagree. Home Depot properly pled its fourth affirmative defense with a short and plain statement of its defense when defendant stated that "[t]o the extent that

UBM's conduct resulted in incurring additional alleged damages, UBM's counterclaim is barred, in whole or in part, by UBM's failure to mitigate his damages." Thus, UBM's motion to strike defendant's fourth affirmative defense is denied.

## CONCLUSION

For the foregoing reasons, the court grants in part and denies in part defendant UBM's motion to strike [24] plaintiff Home Depot's affirmative defenses. Defendant UBM's motion to strike plaintiff Home Depot's first affirmative defense is granted, and its motion to strike Home Depot's second, third, and fourth affirmative defenses is denied.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: February 22, 2007